IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER, | No. 2:21-CV-0316-TLN-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GAVIN NEWSOM, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 29.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the Court to conduct the screening required by law when the allegations are vague

5   and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

As the only defendant, Plaintiff names Gavin Newsom, the Governor of the State of California.  See ECF No. 29, pg. 1.  Plaintiff asserts that Defendant Newsom operates an establishment in downtown Sacramento, California, involved in child sexual misconduct akin to the "Bunny Ranch" in the State of Nevada.  See id.  Plaintiff also attaches a detailed narrative of Plaintiff's alleged experience in discovering this operation.  See id. at 5.  Plaintiff states that "the witnessing of the allegations further gives strong cause for the intense harassment in society." Id.  Plaintiff further provides:

> To support the claims of harassment, I spoke to Lt. Governor Eleni K. about the adversity of officers harassing and targeting [] the Plaintiff in society.  Also, to support the claims of harassment is [sic] Instagram, Facebook, and Twitter evidence.  It's also alleged the harassment led to a government "domestic policy."  It's also alleged that the motives for the harassment influenced my arrest in Case No: 20-225347.
>
> It's alleged that a gray or black extented [sic] S.U.V. occupied by federal agents or investigaters [sic] (older gentlemen) conducted an investigation in society.  Those investigaters [sic] were spotted in several locations such as the Sacbee Institution, Tahoe Park area, 14th Avenue's Talac Village.  I, the Plaintiff, occupied a 20' inch [sic] racing bike during those encounters.
>
> Its also alleged in Case No: 2020-225347, that the alleged victim Felipe Jurado knows Governor Gavin Newsom, and may have purposely entered the restroom and created the complaint, leading to I, the Plaintiff's arrest.  Also may have acted or assisted for the benefit of child molesters.

Id. at 2.

Plaintiff alleges nine (9) injuries:  (1) "hurrassment [sic]-thus, caused I, the Plaintiff to move area to area and constintly [sic] shift locations.  That movement was unnecessary and caused extreme and agonizing pain due to a severe disability called:  psoriatic arthritis and rumatoid [sic] arthritis."; (2) "hurrassment [sic]-caused family, friends, and people I,

2

1  need for support, to be afraid to be around me leaving I, the Plaintiff homeless and struggling in
2  society."; (3) "hurrassment [sic]-terrorized my life causing (PTSD)"; (4) "hurrassment [sic]-being
3  afraid of being hurt or killed.  (PTSD)"; (5) "harrassment [sic]-caused a perminate [sic] phobia
4  concerning safety in society.  (PTSD)"; (6) "(PTSD)-nightmares of the images of the painting";
5  (7) "stress-constant worrie [sic] for children being sexually abused"; (8) "stress-constant worrie
6  [sic] for family, friends, and close of kin being hurt, targeted and victimized"; and (9) "cruel
7  unusual punishment-incarcerated in a act of bondage, confined 377 days for 'demurrer' in Case
8  No: 20-225347".  See id. at 4.

## II.  DISCUSSION

The Court has previously advised Plaintiff of several defects concerning his first amended complaint.  See ECF No. 27.  However, Plaintiff has failed to cure any of those defects.  As stated previously in the screening order of Plaintiff's first amended complaint, "Defendant Newsom is immune from suit to the extent he is sued in his official capacity."  Id. at 2.  The Eleventh Amendment bars actions seeking damages from state officials acting in their official capacities.  See Eaglesmith v. Ward, 73, F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  There is nothing in Plaintiff's second amended complaint that resolves this defect. In particular, Plaintiff does not indicate in what capacity Defendant is being sued.

Even if the immunity defect was cured, Plaintiff has not established a causal connection between conduct by Defendant Newsom and a violation of rights guaranteed to Plaintiff.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendant and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  Because Plaintiff has again failed to establish a causal connection between Defendant Newsom and a violation of rights, Plaintiff's action should be dismissed for failure to state a claim.

/ / /

/ / /

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by yet another amended complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. This action be dismissed for failure to state a claim; and

2. All pending motions, ECF No. 6 and 23, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 8, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4